UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SYLVESTER HAYMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-260** |
| **DUSTIN BICKHAM, ET AL.** | **SECTION: D** |

## ORDER AND REASONS

The Court, having considered *de novo* the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254,[1] the record, including the response by the State,[2] the applicable law, the Report and Recommendation of the United States Magistrate Judge,[3] and the Objections filed by petitioner, Sylvester Hayman,[4] hereby **OVERRULES** the objections for the reasons stated below, **APPROVES** the Report and Recommendation of the United States Magistrate Judge and **ADOPTS** it as its opinion in this matter.

### I. PETITIONER'S OBJECTIONS

On January 26, 2024, Petitioner Sylvester Hayman filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, challenging his convictions for indecent behavior with a juvenile in violation of La. R.S. 14:81 and attempted indecent behavior with a juvenile under La. R.S. 14:27 and La. R.S. 14:81 from the 29th Judicial District Court for the Parish of St. Charles, Louisiana.[5] Petitioner asserts three

---

[1] R. Doc. 3. *See* 28 U.S.C. § 636(b)(1)(C).
[2] R. Doc. 7.
[3] R. Doc. 15.
[4] R. Doc. 18.
[5] R. Doc. 1. The Court notes that the original Petition was marked as deficient by the Clerk's Office, but that Petitioner corrected the deficiency and timely re-filed his Petition on January 29, 2024. R. Doc. 3.

claims in his Petition: (1) that his trial counsel was ineffective for failing to compel two witnesses, K.A. and Mariah, to testify at trial;[6] (2) that his trial counsel was ineffective for failing to retain an expert in delayed disclosure and psychological impact of child sexual abuse; and (3) that his appellate counsel was ineffective for failing to assign as reversible error on appeal the State's eliciting testimony from E.B. regarding T.B.'s drug use.[7]

On April 16, 2024, following the filing of a response from the State and the filing of the Petitioner's state record, the Magistrate Judge issued a Report and Recommendation to the Court, recommending that the Petition be dismissed with prejudice and giving the Petitioner fourteen days to file any objections to the Report.[8] Petitioner timely-filed his objections to the Magistrate Judge's Report and Recommendation.[9] While styled as "Memorandum in Support of Objection's [sic] to the Magistrate's Report and Recommendation," Petitioner restates the same three claims asserted in his Petition for habeas relief: (1) that his trial counsel was ineffective for failing to compel the testimony of K.A. and Mariah; (2) that his trial counsel was ineffective for failing to retain an expert in child sexual abuse; and (3) that his appellate counsel was ineffective for failing to assign as reversible error on

---

[6] Pursuant to La. R.S. 46:1844(W)(1)(a), the state courts in this case referred to the victims and their family members by their initials because of the sex crimes charged in the indictment. This Court will do the same. K.A. is the victim's great-aunt.
[7] R. Docs. 1 & 1-1. E.B. is the victim's great-grandmother and T.B. is the victim's grandmother, who was also Hayman's longtime girlfriend and who became his wife prior to trial.
[8] R. Doc. 15.
[9] R. Doc. 18. The Court notes that Petitioner's objections were timely-filed following the granting of Petitioner's Motion for Extension of Time to File Objections to the Magistrate's Report and Recommendation. *See* R. Docs. 16 & 17.

appeal the State's eliciting testimony from E.G. regarding T.B.'s drug use.[10] Petitioner seems to object to the Magistrate Judge's conclusion that he failed to show that he is entitled to relief on any of his three ineffective assistance of counsel claims.[11]

### A. Ineffective assistance of trial counsel for failure to compel the testimony of two accusatory witnesses.

In his first objection, which Petitioner titled "Ineffective Assistance of Trial Counsel," Petitioner asserts that the State relied at trial on the hearsay testimony of two non-testifying witnesses, Mariah and K.A., through statements they made to law enforcement officers, which violated his confrontation clause rights under the Sixth Amendment.[12] Petitioner claims that although his counsel acknowledged in opening statements that neither of these witnesses were on the State's witness list, counsel failed to request a continuance or challenge the omission.[13] Petitioner argues that the Fifth Circuit in *Taylor v. Cain* held that, "police officers cannot, through their own testimony, refer to the substance of statements given to them by nontestifying witnesses in the course of their investigation, when those statements implicate the defendant."[14] Petitioner claims that the State has a duty to procure witnesses when it intends to use their prior testimony at trial, and asserts that his due process rights

---

[10] R. Doc. 18.
[11] *Id.* at pp. 2–9.
[12] *Id.* at pp. 2–3.
[13] *Id.* at p. 3.
[14] *Id.* (quoting *Taylor v. Cain*, 545 F.3d 327 (5th Cir. 2008) (quoting *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (6/25/80))) (citation modified).

were violated by his counsel's deficient performance and that he was prejudiced by the deficiency.[15]

At first blush, it appears that Petitioner's first objection merely restates the first claim in his Petition for habeas relief – that his trial counsel was ineffective for failing to compel the trial testimony of K.A. and Mariah.  Upon further inspection, however, it appears that Petitioner has conflated his ineffective assistance of counsel claim with a claim that the state trial court erred in admitting the testimony of law enforcement officers regarding statements made to them by K.A. and Mariah.  This is evident from the fact that Petitioner relies upon the *Taylor* case, which involved a post-conviction claim that "the *trial court* erred in allowing the State to admit and argue as substantive evidence the hearsay statements of eyewitnesses."[16]

Petitioner, however, has not asserted a post-conviction claim based upon the trial court's purported error in admitting trial testimony from law enforcement officers regarding statements made by K.A. and Mariah.[17]  Instead, Petitioner has alleged that his trial counsel was ineffective for failing "to subpoena the accusing witnesses and/or to object to the hearsay testimony of them."[18]  As the Magistrate Judge pointed out, the Fifth Circuit has held that, "[c]laims that counsel failed to call witnesses are not favored on federal habeas review because the presentation of witnesses is generally a matter of trial strategy and speculation about what witnesses

---

[15] R. Doc. 18 at p. 4 (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
[16] *Taylor,* 545 F.3d at 331 (citation modified) (emphasis added).
[17] *See* R. Doc. 1.
[18] R. Doc. 1-1 at p. 5.  *See* R. Doc. 1 at p. 3; R. Doc. 1-1 at pp. 4–5 (same).

would have said on the stand is too uncertain."[19]  The Fifth Circuit has explained that:

> For this reason, we require petitioners making claims of ineffective assistance based on counsel's failure to call a witness to demonstrate prejudice by naming the witness, demonstrating that the witness was available to testify and would have done so, setting out the content of the witness's proposed testimony, and showing that the testimony would have been favorable to a particular defense.[20]

The Magistrate Judge, relying upon this authority, conducted a thorough analysis and concluded that Petitioner failed to establish that K.A. and Mariah would have been available to testify or that their testimony would have been favorable to the defense.  Petitioner does not object to this finding.  Instead, Petitioner asserts that he was not required to show what these witnesses would have testified to at trial or that their testimony would have been favorable to the defense because K.A. and Mariah "were not defense witnesses, they were State witnesses on whose testimony probable cause was established."[21]  Petitioner provides no further explanation for this statement, which contradicts the allegations made in his Petition.[22]  Because Petitioner has not provided any evidence, through affidavits or otherwise, to show that K.A. and Mariah were available to testify at trial, what they would have testified to, or that their testimony would have been favorable to the defense, the Court agrees with the Magistrate Judge that Petitioner has failed to show that his trial counsel

---

[19] *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010).
[20] *Id.* (quoting *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (citation modified).
[21] R. Doc. 18 at p. 4.
[22] *See* R. Doc. 1 at p. 3 (listing "Ineffective Assistance of Counsel: (1) Counsel failed to compel the accusatory witnesses, denying him the right to face his accuser" as the first ground of his request for relief); R. Doc. 1-1 at pp. 4–5 (listing "Failed to compel the accusatory witnesses" as part of his "Claim One Argument").

was ineffective in failing to call K.A. and Mariah as witnesses, and that Petitioner has failed to show any resulting prejudice from that decision. The Court therefore agrees with the Magistrate Judge that the state courts' denial of relief under *Strickland v. Washington*[23] was not contrary to or clearly in violation of established federal law, as required for Petitioner to obtain relief under 28 U.S.C. § 2254.[24]

### B. Ineffective assistance of trial counsel for failure to retain a child abuse expert.[25]

Petitioner next asserts that his trial counsel was ineffective for failing to cross examine one of the victims, after the State presented a partial video statement from the victim and then relied upon the testimony of the State's child abuse expert, Dr. Anne Troy, to provide the remainder of the victim's statement.[26] Petitioner also claims that his trial counsel was ineffective for not challenging the conclusions of Dr. Troy, and for not retaining an expert in child sexual abuse.[27] Petitioner asserts that this was not a sound trial strategy, that he was prejudiced by counsel's failures, and

---

[23] 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
[24] The Court notes that Petitioner's Objections includes a section titled, "Cumulative Error Analysis Laws and Argument," which appears to repeat Petitioner's assertion that his trial counsel was ineffective for failing to compel the trial testimony of K.A. and Mariah. Petitioner, for instance, asserts that his confrontation clause rights were violated "when the State failed to have the accusing witnesses in court for cross examination or show why they weren't available." R. Doc. 18 at p. 9. Petitioner further asserts that, "[d]efense Counsel's deficient performance prejudiced Petitioner because she should have subpoenaed these witnesses when she knew, or should have known, these witnesses were not on the State's list and would not be in court for cross examination." *Id.* at p. 10. The Court has already addressed, and rejected, these arguments.
[25] Regarding both of Petitioner's ineffective assistance of trial counsel claims, this Court further notes, after an extensive review of the state court record, that Petitioner's trial counsel filed numerous pre-trial motions, issued subpoenas, both for records and witnesses, and actively engaged in pre-trial and trial proceedings. The record is replete with counsel's questioning of jurors during voir dire, questioning of witnesses during trial, and making a lengthy opening statement and closing argument. *See* R. Docs. 14-2, 14-3, & 14-4.
[26] R. Doc. 18 at pp. 5–6.
[27] *Id.* at p. 6.

that those actions violated Petitioner's due process rights and confrontation clause rights under the Sixth Amendment.[28]  While Petitioner does not specifically object to any of the Magistrate Judge's findings on this issue, it appears to the Court that Petitioner objects to the Magistrate Judge's conclusion that, "[t]he decision not to call an expert under the circumstances of this case was well within counsel's trial strategy discretion."[29]

As with an ineffective assistance of counsel claim based upon the failure to call a lay witness, the Fifth Circuit has held that an ineffective assistance of counsel claim based upon the failure to call an expert witness requires the petitioner to demonstrate prejudice by "naming the witness, demonstrating that the witness was available to testify and would have done so, setting out the content of the witness's proposed testimony, and showing that the testimony would have been favorable to a particular defense."[30]  The Magistrate Judge found that Petitioner failed to present any evidence demonstrating that an expert was available and would have testified in a manner beneficial to the defense, and failed to even identify an expert who would have been available and willing to testify.[31]  The Magistrate Judge also found that Petitioner also failed to set forth the content or substance of the unidentified witness' proposed testimony.[32]  Because Petitioner has not addressed any of these issues in his Objections, and upon the Court's own review of the record and the law, the Court

---

[28] *Id.* at pp. 6–7.
[29] R. Doc. 15 at pp. 27–28 (citing *Dees v. Caspiri*, 904 F.2d 452, 454–55 (8th Cir. 1990)).
[30] *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010) (quoting *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009)) (citation modified).
[31] R. Doc. 15 at p. 26.
[32] *Id.*

agrees with the Magistrate Judge that Petitioner has failed to show that his trial counsel was ineffective for failing to present the testimony of a purely theoretical expert,[33] and has failed to demonstrate that he was prejudiced by his counsel's decision to not call an expert.

As the Magistrate Judge pointed out, Petitioner's trial counsel vigorously cross-examined Dr. Troy[34] and attacked Dr. Troy's credibility in closing argument.[35] The Court agrees with the Magistrate Judge that it is reasonable to conclude that defense counsel strategically chose to undermine the State's evidence through cross-examination after the motion to exclude E.G.'s statements to Dr. Troy was denied.[36] Accordingly, the Court agrees with the Magistrate Judge's determination that Petitioner failed to demonstrate that the state court decision rejecting his ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law, as required for Petitioner to obtain relief under 28 U.S.C. § 2254.

### C. Ineffective assistance of appellate counsel for failing to assign as error the State's eliciting testimony by E.B. regarding T.B.'s drug use.

Petitioner further asserts that his appellate counsel was ineffective for failing to assign as error the State's eliciting testimony from E.B. regarding T.B.'s drug use, which violated Petitioner's confrontation clause rights under the Sixth Amendment.[37]

---

[33] *Id.*
[34] *See* R. Doc. 14-3 at pp. 558–60; R. Doc. 14-4 at pp. 1–16.
[35] *See* R. Doc. 14-4 at 139–141.
[36] *See* R. Doc. 15 at p. 27.
[37] R. Doc. 18 at pp. 7–9.

Petitioner contends that the State's questioning exceeded the scope of cross-examination and that he was not given the opportunity to confront the source of the allegations to attack their credibility.[38] Notably, Petitioner does not lodge any objections to the Magistrate Judge's findings on this issue. Instead, Petitioner repeats the same claim made in his Petition for habeas relief – that appellate counsel was ineffective for failing to assign reversible errors,[39] including the trial court's admission of this inadmissible evidence at trial.[40] In his Petition, Petitioner asserts that the State sought to elicit this testimony in an attempt to show Petitioner's "bad character" and that the testimony constitutes "other crimes evidence."[41]

After reviewing the state court record, the Court agrees with the Magistrate Judge's thorough analysis of this issue, and concludes that Petitioner cannot show that he was prejudiced by appellate counsel's decision to not raise this argument on appeal, as it was not stronger that the three issues that were raised on appeal.[42] The Court also agrees with the Magistrate Judge that the State's attempt to elicit testimony about T.B.'s alleged drug abuse was an attempted attack on T.B.'s character and credibility, not an attack on Petitioner's character.[43] Moreover, as the Magistrate Judge correctly pointed out, the jury did not hear any testimony about what E.B. had heard about T.B.'s alleged drug problem, as E.B. did not provide any testimony that T.B. used drugs.[44] The Court further agrees with the Magistrate

---

[38] *Id.* at p. 9.
[39] R. Doc. 1 at p. 3.
[40] R. Doc. 1-1 at pp. 7–9.
[41] *Id.* at p. 8.
[42] *See* R. Doc. 15 at pp. 28–32.
[43] *Id.* at p. 31.
[44] *Id.* (*citing* R. Doc. 14-4 at p. 45).

Judge that, in light of the strong evidence of Petitioner's guilt, including the victims' oral and written statements and drawings, Petitioner has failed to show a reasonable likelihood that the outcome of his appeal would have been different if his appellate counsel had raised this issue on appeal. Accordingly, Petitioner has failed to demonstrate that the state courts' denial of relief on this issue was contrary to or an unreasonable application of federal law to warrant relief under 28 U.S.C. § 2254.

As set forth above, this Court's review of the record comports with the Magistrate Judge's thorough review and reasoned analysis of the Petition. Although Petitioner filed objections to the Report and Recommendation, Petitioner largely repeats the same arguments raised in his Petition, which were sufficiently addressed by the Magistrate Judge. Accordingly, finding that Petitioner's objections to the Magistrate Judge's Report and Recommendation are without merit, the Court **OVERRULES** the objections.

### D. Certificate of Appealability.

Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 proceedings provides that, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." [45] The "controlling standard" for issuing a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a

---

[45] 28 U.S.C. § 2253(c)(2).

different manner or that the issues presented [are] adequate to deserve encouragement to proceed further."[46] The Court finds that Sylvester Hayman's Petition fails to satisfy this standard. Accordingly, the Court will not issue a certificate of appealability.

## II.   CONCLUSION

**IT IS HEREBY ORDERED** that the Petition of Sylvester Hayman for the issuance of a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DENIES** a certificate of appealability.

New Orleans, Louisiana, August 25, 2025.

*[signature: Wendy B Vitter]*

**WENDY B. VITTER**
**United States District Judge**

---

[46] *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)) (citation modified).